UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWARD J. LATTUCA, JR.,

                      Plaintiff,

   v.                                                  **DECISION AND ORDER**
                                                      06-CV-478S

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

1.     In this action, Plaintiff seeks reversal of Defendant's final decision denying his applications for disability insurance benefits under the Social Security Act. The Administrative Law Judge ("ALJ") found that Plaintiff is not disabled because he retains the residual functional capacity to perform light work with certain limitations. This Court has jurisdiction to review Defendant's final decision under 42 U.S.C. § 405(g).

2.     Plaintiff applied for benefits on November 14, 2003, and his claims were initially denied. He then requested a hearing before an ALJ, which took place on August 30, 2005. On October 25, 2005, after considering the matter *de novo*, the ALJ found that Plaintiff was not disabled. The ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review on May 19, 2006. Plaintiff subsequently brought this action in the United States District Court, Western District of New York, seeking review of Defendant's final decision.

3.     Defendant filed a Motion for Judgment on the Pleadings on January 26, 2007. Plaintiff filed a Cross-Motion for Summary Judgment on March 26, 2007. Defendant filed a Reply Memorandum of Law on April 9, 2007. This Court took the matter under

advisement without oral argument. For the following reasons, Defendant's motion is granted, and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination

considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

      7.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

      8.      The claimant has the burden of proof as to the first four steps; the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S.

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above. First, Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (Tr. at 19[1]). Second, Plaintiff's neck and back pain are severe impairments (Tr. at 19). Third, Plaintiff's severe impairments do not meet or equal a listing in Appendix 1, Subpart P, Regulation No. 4 (Tr. 19). Fourth, although Plaintiff could not perform his past relevant work, he retained the residual functional capacity to perform light work with certain limitations (Tr. at 19). Fifth, Plaintiff could perform work existing in significant numbers in the national economy (Tr. at 18-19). Finally, the ALJ determined that Plaintiff was not under a disability (Tr. at 19).

10. Plaintiff's first challenge to the ALJ's decision is that he failed to properly apply the treating physician's rule[2] to Plaintiff's treating doctor, James P. Giambrone, M.D. In particular, Plaintiff notes that on September 22, 2005, Dr. Giambrone wrote that Plaintiff "is totally disabled at this time from multiple disorders" and "has been unable to sustain

---

[1] "Tr." citations are to the correspondingly numbered pages in the certified administrative record filed with Defendant's Answer.

[2] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

gainful employment since 12/31/02." (Tr. 316.)  Dr. Giambrone concludes his letter by stating that "it is our opinion that Mr. Lattuca is totally disabled and will remain so for the foreseeable future and most likely, permanently." (Tr. 316.)  Plaintiff argues that the ALJ failed to give this opinion controlling weight under the treating physician's rule.

The treating physician's rule requires that only a physician's *medical* opinions be given controlling or extra weight.  20 C.F.R. § 404.1527(d); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).  The disability determination is reserved to the Commissioner, not a treating physician. See 20 C.F.R. § 404.1527 (conclusory statements made by doctors are not controlling because it is the Commissioner's task to determine whether an individual is disabled within the meaning of the Act).  Consequently, the ALJ was not required to accept Dr. Giambrone's conclusion that Plaintiff is totally disabled.

In any event, it is apparent from the ALJ's decision that he reviewed Dr. Giambrone's letter, analyzed his medical opinion therein, and rightly concluded that it is not entitled to weight because it does not pertain to the relevant time period. (Tr. at 17.) Plaintiff's last insured status date is December 31, 2002, which means that he must prove that he was disabled before that date. (Tr. 16-17.)  Dr. Giambrone's statements apply to the time period *after* December 31, 2002.[3] (Tr. 316.)

Consequently, this Court finds no error in the ALJ's rejection of Dr. Giambrone's opinions.  The ALJ considered Dr. Giambrone's opinions, analyzed them, and reasonably concluded that they were not entitled to weight.

---

[3]This Court notes that the ALJ ultimately gave Plaintiff the benefit of the doubt and concluded that a reasonable inference could be drawn from the record that Plaintiff suffered from "severe" back and neck impairments prior to December 31, 2002, such that the sequential analysis continued. (Tr. 17.)

5

11. Plaintiff next argues that the ALJ erred by finding that he was not a credible witness. Credibility determinations are generally reserved to the Commissioner, not the reviewing court. Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982) (similar). The ALJ's credibility determination must be supported by substantial evidence. See Califano, 615 F.2d at 27

In this Court's view, the ALJ's decision contains an adequate discussion of why he found Plaintiff's testimony to be less than credible. First, he determined that Plaintiff's testimony concerning his work history was evasive. (Tr. 16, 18.) Second, he found that Plaintiff was evasive about his disability onset date. (Tr. 18.) Finally, the ALJ found that Plaintiff overstated the extent of his impairments when detailing his subjective complaints, particularly because the record demonstrated that no pain medication was required as late as August of 2003. (Tr. at 18.) Consequently, this Court finds that the ALJ sufficiently articulated his credibility finding, and that his finding is supported by substantial evidence in the record.

12. Plaintiff's third argument is that the ALJ failed to consider the combined effect of his exertional and non-exertional impairments, specifically his obesity. But Plaintiff does not point to any evidence in the record demonstrating that his obesity impacted his ability to work. Moreover, although Plaintiff's weight is noted throughout his medical records, there is no indication that it negatively affected his functional capacity, particularly prior to December 31, 2002. As such, this Court finds no reversible error.

13. After carefully examining the administrative record, this Court finds that


substantial evidence supports Defendant's final decision in this case. There is no reversible error in the Commissioner's overall weighing of the evidence or in his credibility determination, and substantial evidence supports his decision. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted, and Plaintiff's Cross-Motion for Summary Judgment is denied.

      IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

      FURTHER, that Plaintiff's Cross-Motion for Summary Judgment (Docket No. 12) is DENIED.

      FURTHER, that the Clerk of the Court shall close this case.

      SO ORDERED.

Dated:   September 16, 2007
        Buffalo, New York

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge